# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2248

SACRAMENTO MUNICIPAL UTILITY DISTRICT,

*Petitioner*,

*v.*

FEDERAL ENERGY REGULATORY COMMISSION,

*Respondent*.

On Motion to Transfer

DECIDED JUNE 7, 2012

EASTERBROOK, *Chief Judge*, in chambers. Sacramento Municipal Utility District filed in this court a petition for review of an order of the FERC. The Commission then filed what it captioned an "Unopposed Motion to Transfer" the proceeding to the District of Columbia Circuit.

The motion conspicuously did not cite any statute, rule, or decision authorizing a transfer. It did cite Fed. R. App. P. 27, but that rule deals only with the *procedure* for

making motions; it does not authorize the court to grant any particular request.

I asked the Commission to explain what authority supports its request. The Commission then filed a "Renewed Unopposed Motion to Transfer." This renewed motion relies on—nothing. No statute, no rule (other than Rule 27 again), and no judicial decision that the rendering court deems precedential.

For a long time the norm was that, if multiple parties filed petitions in different circuits, the court in which the first petition had been filed would resolve all challenges to the agency's decision. That led to unseemly races to the courthouse in an effort to secure favorable venues. It also caused problems if the clocks in the different circuits were not perfectly synchronized. Sometimes petitions would be filed only seconds apart. Teams of runners would have been positioned in clerks' offices poised to file as soon as the agency released its order. See Richard J. Pierce, Jr., III *Administrative Law Treatise* §18.3 (5th ed. 2010). Congress abrogated the first-to-file approach in 1988 by amending 28 U.S.C. §2112(a). It provides that, if multiple petitions are filed in different circuits within ten days of an agency's order, the Judicial Panel on Multidistrict Litigation will choose one circuit by lot. The selected circuit "thereafter" can transfer all of the petitions elsewhere, if it chooses, "[f]or the convenience of the parties in the interest of justice". 28 U.S.C. §2112(a)(5).

Section 2112(a) applies, because petitions were filed in multiple circuits within ten days of the Com-

mission's order. If Sacramento Municipal Utility District has changed its mind and now wants to litigate in the D.C. Circuit, it is free to dismiss its petition and file a new one in D.C. (An aggrieved party has 60 days to petition for review, 16 U.S.C. §825*l*(b), and the Commission's order was entered on May 17, so plenty of time remains.) As long as the Utility District's petition remains on file here, however, the way to determine which circuit will handle the litigation is to follow the procedures specified by law.

The "Renewed Unopposed Motion" tells us that it will be more convenient to transfer the Utility District's petition than to follow the statutory procedures. Convenient for the Commission, maybe, but a court's views of convenience (or of wise policy more generally) are poor grounds for disregarding a law. The Commission's motion rests on an unarticulated belief that, despite a statute establishing rules of procedure, courts can do anything they think wise. Not at all; courts lack common-law authority to disregard legislation that sets rules for the conduct of litigation. See, e.g., *United States v. Hasting*, 461 U.S. 499, 505–07 (1983); *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254–57 (1988).

The motion to transfer is denied.